## JAMES BRIEN *vs.* THE COMMONWEALTH.

The *St.* of 1843, *c.* 7, which enacts that "all the duties, required by law to be per-
formed by the judge of the municipal court, shall be performed by the justices of
the court of common pleas, or by some one of them," is not repugnant to the con
stitution of the Commonwealth.

The office of judge of the municipal court was virtually abolished by the *St.* of 1843,
*c.* 7, which transferred its duties to the court of common pleas.

WRIT OF ERROR to reverse a judgment of the municipal court.
It appeared from the record, that the plaintiff in error was found
guilty, at the January term of said court, 1843, on an indictment
which charged him with uttering a forged bank bill as true, know-
ing it to be forged ; that said indictment was thereupon continued
for sentence, until the succeeding February term of said court,
and from said February term was continued until the succeeding
March term of said court ; and that, at said March term — the
Honorable John M. Williams, chief justice of the court of com-
mon pleas, sitting as judge of said municipal court, by virtue of
a certain law of this Commonwealth, entitled " an act relating to
the court of common pleas and the municipal court of the city of
Boston," approved by the Governor on the first day of March
1843 — the plaintiff in error was sentenced to solitary imprison-
ment and confinement at hard labor in the state prison.*

---

* Tne Hon. PETER O. THACHER, Judge of the Municipal Court of the city of
Boston, died on the 22d of February 1843.

The legislature passed an act, which took effect on the 1st of March 1843, the
first section of which was in these words :  All the duties, now required by law
to be performed by the judge of the municipal court of the city of Boston, shall
hereafter be performed within and for the county of Suffolk by the justices of
the court of common pleas, or by some one of them :  Provided, however, that no
one of said justices shall hold more than three monthly terms of said municipal
court in succession.  There were also the following provisions in said act : Sect.
2.  The records of the said municipal court are to  be kept separate and distinct
from those of the court of common pleas.  Sect. 3.  The name, style and caption
of the said municipal court, and its powers, duties and jurisdiction shall continue
the same as now prescribed by law.  Sect. 5  All suits, processes, indictments,
&c. now pending or before said municipal court, shall have day, and be heard
and acted upon by one of the said justices of the court of common pleas, sitting
as aforesaid as judge of said municipal court.  Sect. 7.  All precepts, &c. issued

The assignment of errors was thus : " That said judgment was rendered *coram non judice*; before one not legally constituted judge of the municipal court: That the chief justice of the court of common pleas, John M. Williams, one of the justices of said court, sitting as judge of the municipal court of the city of Boston, had no authority, by virtue of his said office of judge of the court of common pleas, to award the judgment in question ; because, by force of the revised statutes and the laws heretofore passed, the municipal court of the city of Boston has jurisdiction, exclusive of the court of common pleas, of all crimes and offences within the county of Suffolk : That the said John M. Williams, one of the justices of the court of common pleas, had no authority to award the judgment in question, under color of the office of judge of the municipal court of the city of Boston ; because the constitution of the Commonwealth expressly forbids a judge of the court of common pleas to hold any other office, except that of justice of the peace or a militia office : That the said John M. Williams, even if he were not a judge of the court of common pleas at the time of awarding said judgment, yet could not exercise the functions of judge of the municipal court of the city of Boston by virtue of the statute in the record referred to and alleged to be the ground of his authority ; because the constitution of the Commonwealth requires the appointment of all judicial officers to be made by the governor. by and with the advice and consent of the council."

*G. Bemis*, for the plaintiff in error. A writ of error is the proper process to relieve the prisoner, though the judgment is void on its face. Bac. Ab. Error, A. *Striker* v. *Mott*, and *Starr* v. *Trustees of Rochester*, 6 Wend. 465, 564. *The People* v. *Tracy*, 9 Wend. 265. 1 Chit. Crim. Law, 743, 752. The prisoner could not be relieved by writ of *habeas corpus*. *Riley's case*, 2 Pick. 172. Rev. Sts. c. 111, § 2.

Can the judgment in this case be upheld as the judgment of a court *de facto* ? There are cases which seem to favor this doc-

---

from said municipal court shall be tested like similar processes from the court of common pleas, and shall be under the seal of the municipal court, and signed by its clerk.

trine. 2 T. R. 87, per Buller, J. *Commonwealth* v. *Fowler*, 10 Mass. 301. *Fowler* v. *Bebee*, 9 Mass. 231. But it is submitted, that by the better reason, and also by the preponderance of authority, where the record shows that a judge was unconstitutionally appointed, and has no jurisdiction, his judgments may be reversed on error. See *The People* v. *White*, 22 Wend. 167 : 24 Wend. 541, 566. *The People* v. *Mayor*, &c. of *New York*, 25 Wend. 1. *The People* v. *Colt*, 3 Hill, 432. *Smith* v. *Normant*, 5 Yerg. 271. *Frame* v. *Trebble*, and *Hildreth* v *McIntire*, 1 J. J. Marsh. 205, 206. 1 U. S. Digest, Courts, 65. And a party may go behind the record to show a want of jurisdiction. *Rex* v. *Verelst*, 3 Campb. 432. *Hopkins* v. *Menderback*, 5 Johns. 234. *The State* v. *Hayward*, 1 Nott & McCord, 547. *Commonwealth* v. *White*, 8 Pick. 454.

The judge who sentenced the plaintiff in error had no jurisdiction, as judge of the court of common pleas. The state constitution, Part II. *c*. 2, § 1, art. 9, requires that all judicial officers shall be nominated and appointed by the governor, by and with the advice and consent of the council. And the 8th article of amendment forbids the judges of the court of common pleas to hold any other state office, except that of justice of the peace and militia offices. But *St.* 1843, *c*. 7, § 1, (under which jurisdiction was assumed in this case,) enacts that all the duties of the judge of the municipal court shall be performed by the justices of the common pleas, or some one of them. The municipal court, however, still exists, and, by § 3, its powers, duties and jurisdiction are continued. The office of judge of the municipal court still exists, and, if filled by a judge of the common pleas, is unconstitutionally filled. Or if that office is by implication abolished, yet the judge of the common pleas had no authority, *virtute officii*, to award the sentence in question.

What is the "jurisdiction" of the municipal court, which the statute declares shall "continue the same as now prescribed by law"? By Rev. Sts. *c*. 81, § 17; *c*. 82, §§ 25, 34; and *c*. 86, § 4; that court has jurisdiction, concurrently with the supreme judicial court, of all offences, not capital, committed in this county. This jurisdiction is exclusive of that of the com

mon pleas ; and as to the matter of jurisdiction, the legislature might have ordered any man in the Commonwealth to perform the duties of the judge of the municipal court, as rightfully as they have ordered the justices of the common pleas to perform them.

The office of judge of the municipal court still exists, and the governor may appoint a successor to the late incumbent. The Rev. Sts. c. 86, § 1, direct, that when a vacancy occurs in that office, it shall be filled. This direction is not repealed by *St.* 1843, c. 7, nor is the office thereby abolished. Its duties are required to be performed by others. But the functions of an office may be transferred, and yet the office remain. *Hoke* v. *Henderson*, 4 Dev. 26. *Ex parte U. States*, 1 Gallis. 338. *Runnels* v. *The State*, Walker, 146. See also 3 Bl. Com. 23, 25. *Dunn* v. *The State*, 2 Pike, 251. *Cohen* v. *Hoff*, 2 Const. Rep. (S. C.) 657. *The People* v. *Kane*, 23 Wend. 414. *U. States* v. *Clark*, 1 Gallis. 499. 5 Yerg. and 1 J. J. Marsh. *ubi sup.* These cases, and that in 25 Wend. 1, also show that the legislature cannot, directly or indirectly, appoint a judge. See also *Jarman* v. *Patterson*, 7 Monr. 649.

If the judges of the common pleas had accepted the office of judge of the municipal court, they would thereby have resigned or vacated the office of judges of the common pleas, and thus have incapacitated themselves to perform the duties of municipal judge. For it is only as judges of the common pleas, that they are required to do those duties. *Milward* v. *Thatcher*, and *The King* v. *Pateman*, 2 T. R. 81, 777. *The King* v. *Hughes*, 8 Dowl. & Ryl. 708. *The King* v. *Tizzard*, 9 Barn. & Cres. 418. *Amory* v. *Just ces of Gloucester*, 2 Virg. Cas. 523. *The State* v. *Hutt*, 2 Pike, 282.

Would a statute be constitutional, which should require the judges of the common pleas to perform the duties of judges of probate ? Or that they should perform, in rotation, the duties of one of the judges of the supreme judicial court ?

*S. D. Parker*, for the Commonwealth. The *St.* of 1843, c. 7, repealed, by necessary implication, all former laws concerning the office of judge of the municipal court. See *Pease* v. *Whit-*

ney, 5 Mass. 382.    Bartlet v. King, 12 Mass. 545.    Haynes v. Jenks, 2 Pick. 181.    Nichols v. Squire, 5 Pick. 168.    Commonwealth v. Cooley, 10 Pick. 39.

By the constitution, Part II. c. 1, § 1, art. 3 and 4, the legislature has authority to constitute judicatories for the hearing and trying of all matters, criminal and civil, and to set forth the duties, powers and limits of officers, civil and military. And there are numerous statutes, transferring judicial power from one officer to another.    By St. 1821, c. 109, all the judicial authority of justices of the peace for the county of Suffolk was conferred on the justices' court for that county ; and this statute was adjudged to be constitutional.    Wales v. Belcher, 3 Pick. 508.    By St. 1799, c. 81, the criminal jurisdiction of the court of sessions in Suffolk was transferred to the municipal court ; and by St. 1812, c. 133, jurisdiction of all offences not capital was given to the latter court, concurrently with the supreme court.    By St. 1803, c. 154, and 1809, c. 18, the powers and duties of the courts of sessions were transferred to the court of common pleas.    By St. 1813, c. 173, the powers and duties of the circuit court of common pleas within this county were conferred upon the Boston court of common pleas.    By St. 1820, c. 79, the circuit and Boston courts of common pleas were abolished, and the present court substituted.    The St. of 1827, c. 118, authorized the municipal court to award the additional punishments which, by St. 1817, c. 176, were to be awarded by the supreme court.    And numerous other statutes might be cited, to show the exercise, by the legislature, of their authority to modify the subordinate courts, and transfer their powers and duties, as the public good has seemed to require.    And none of them have been held to be unconstitutional.

The objection, that the legislature cannot appoint a judge, is no more applicable to the case at bar, than to the cases in which the judges of the common pleas were required by statute to perform the duties of the court of sessions.    Yet it has been decided that those judges had jurisdiction of offences formerly cognizable by the court of sessions.    Commonwealth v. Holmes, 17 Mass. 336.    Commonwealth v. White, 8 Pick. 454.

But if the office of judge of the municipal court still exists, (which is denied,) yet the legislature might give concurrent authority to the judges of the common pleas ; and the judge who first takes cognizance — as Williams, C. J. did in this instance — will have exclusive cognizance.   *Stearns* v. *Stearns,* 16 Mass. 171.   *The State* v. *Yarbrough,* 1 Hawks, 78.   *Smith* v. *McIver,* 9 Wheat. 532.   *The Robert Fulton,* Paine, 621.

Nor do the judges of the common pleas now hold two offices. They are judges of one court only, and act as such ; though, by an anomaly, the name, seal, &c. of the municipal court are retained.

DEWEY, J.   The plaintiff in error seeks to vacate the judgment rendered against him, upon the ground that the presiding judge had no authority to act in the matter.   The case, it will be perceived, presents the very grave question, whether the justices of the court of common pleas can perform the duties and exercise the functions in criminal matters, in the county of Suffolk, that have heretofore been discharged by the judge of the municipal court of the city of Boston.

The *St.* of 1843, *c.* 7, § 1, provides, that " all the duties, now required by law to be performed by the judge of the municipal court of the city of Boston, shall hereafter be performed, within and for the county of Suffolk, by the justices of the court of common pleas, or some one of them."   Sect. 5 further provides, that " all indictments, now pending or before said municipal court, shall be heard and acted upon by one of the justices of the court of common pleas sitting as aforesaid as judge of said municipal court."

The legislature have by this statute, in terms, authorized the jurisdiction assumed in the present case ; and the only inquiry is, whether this enactment is in violation of any of the provisions of the constitution of the Commonwealth.

That the legislature have full power to change the criminal jurisdiction, and transfer the same from one court to another, is not denied.   Great and important changes in this respect have been made from time to time, and particularly by *St.* 1812, *c.* 133, which gave enlarged jurisdiction to the municipal court, and

by *St.* 1832, *c.* 130, which vested in the court of common pleas original jurisdiction of all offences of which the supreme judicial court previously had jurisdiction, except crimes punishable with death.

But it is contended, that although it might be fully competent to the legislature to transfer to the justices of the court of common pleas the entire criminal jurisdiction throughout the Commonwealth, yet the duties must nevertheless be performed by such justices, under the name and style of justices of the court of common pleas. It is said that if jurisdiction is conferred upon them by force of *St.* 1843, *c.* 7, it is by making them judges of the municipal court, and thus conferring upon them a new office, in violation of the provisions of the eighth article of amendment of the constitution of the Commonwealth, which is in these words : "Judges of the court of common pleas shall hold no other office under the government of this Commonwealth, the office of justice of the peace and militia offices excepted."

This leads to the inquiry, whether the justices of the court of common pleas do in fact, by force of the statute under consideration, hold an office additional to that of judges of the common pleas ? The office, if any such has been conferred upon them, is a judicial office ; but a new judicial office could only be conferred by a commission from the governor, upon a nomination made by him and approved by the council, in the manner prescribed by the constitution. The legislature, by an ordinary legislative act, cannot appoint judicial officers. They may create judicial offices, leaving them to be filled by appointments made pursuant to the constitution. In fact, therefore, the only judicial office held by the presiding judge at the time of the rendition of the judgment, and the awarding of the sentence now sought to be reversed by this writ of error, was that of chief justice of the court of common pleas.

From this view of the case, it clearly results, that the constitutional objection, supposed to arise from the provision that the judges of the court of common pleas shall hold no other office, does not in fact exist here.

The ground of objection to the jurisdiction exercised by the

court of common pleas, which is more relied upon, is, that the municipal court of the city of Boston is still in existence, as a separate judicial tribunal, having criminal jurisdiction, and, as such, should have its presiding judge, regularly appointed and commissioned as municipal judge. If this position can be maintained, of course this judgment and award of sentence was without authority of law, and ought to be reversed.

In looking at the various provisions of *St.* 1843, *c.* 7, some of them will be found to be indicative of a purpose to continue, to some extent, a municipal court. By §§ 3 and 7, the name, style and caption are retained, and all precepts are to be under the seal of the municipal court. These provisions present objections which, though not insuperable, yet are certainly entitled to some consideration. They do, to some extent, seem to indicate a separate court, distinct from and independent of the court of common pleas.* But when we find that all the duties, required by law to be performed by the judge of the municipal court, are, by the very terms of the act, § 1, required hereafter to be performed by the justices of the court of common pleas, or by some one of them, we may properly consider whether these provisions a⸗ to the name, style and seal of the court, may not be reconciled with the general object and purpose of the act, and thereby avoid a construction which would render the whole act nugatory.

The principle of exercising the criminal jurisdiction of the court of common pleas, distinct from its duties in civil suits, has been long known in practice. In some of the larger counties, distinct terms are by law established for the criminal business of that court ; and at the terms established for either civil or criminal business, the court has no jurisdiction over cases of a different character. At the terms for criminal business, they are judges in criminal cases exclusively ; as much so as when sitting to do the duties of judge in the municipal court in the city of Boston. See Rev. Sts. *c.* 82, §§ 41–43. *St.* 1839, *c.* 117.

Now it seems to us, that the provisions above alluded to, and

---

* By *St.* 1844, *c.* 44, § 2, it is enacted, that " the seal of the said municipal court shall in all cases be the same as that of the court of common pleas of said Commonwealth."

which are thought to present some objection to the criminal jurisdiction in the county of Suffolk, exercised by the court of common pleas, may fairly and reasonably be treated as provisions designed only to make the criminal jurisdiction of that court in the county of Suffolk distinct in its terms and places of sitting, in its records and all its proceedings, carrying out, substantially, the same provisions as now exist by law and in practice in the counties of Worcester and Middlesex, but in a form certainly not so free from objections, as are the acts regulating criminal trials in those counties. We think the *St.* of 1843, *c.* 7, must be understood and construed as a general and entire transfer to the court of common pleas of all criminal matters which had heretofore been cognizable by the judge of the municipal court; and therefore, if an appointment could now be made of a municipal judge, for the reason that the office has not been specially abrogated, yet the individual holding such office would exist, as a judge, in name only, and without any authority or jurisdiction. It seems, however, to result from the considerations we have suggested, that the office of judge of the municipal court was virtually abrogated by the act transferring its duties to the court of common pleas.

The result to which we have come is, therefore, that the act in question does not violate the constitutional provision contained in the amendments to the constitution, art. 8, and is not void for that cause : And as to the second point, that the act does abolish the office of judge of the municipal court, as a distinct and independent office, and transfers the jurisdiction of that court to the justices of the court of common pleas, separating all proceedings by the court of common pleas, in criminal matters, wholly from the civil jurisdiction exercised by that court in the county of Suffolk.

*Judgment affirmed.*